UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
**JACKSONVILLE DIVISION**

<u>CIVIL RIGHTS COMPLAINT FORM</u>
<u>42 U.S.C. § 1983</u> 3:13-CV-1510-J-32 PDB

<u>Frederick Charles Dutton Jr.</u>               Case No: _____
<u>DC #962288,</u>                                          (To be assigned by the Clerk)

**Plaintiff,**

V.
<u>Clay County Sheriff's Officer (s)</u>
<u>Deputy M. Davis        (Individual Capacity),</u>
<u>Deputy J. Spaulding    (Individual Capacity),</u>
<u>Deputy R. Jones        (Individual Capacity),</u>
<u>Deputy R. Burke        (Individual Capacity),</u>
<u>Sgt. W. Arnold         (Individual Capacity),</u>
<u>Lt. D. Fish            (Individual Capacity),</u>

**Defendants.**
_____/

## ANSWER ALL OF THE FOLLOWING QUESTIONS

I.    <u>PLACE OF PRESENT CONFINEMENT: **Reception&Medical Center-West Unit,
      P.O. Box 628, Lake Butler, Florida 32054**</u>

II.   <u>EXHAUSTION OF ADMINISTRATIVE REMEDIES: **Plaintiff effectively
      exhausted the available Administrative Remedy through Internal Affairs
      Complaint, which concluded, "The investigation established that the conduct of
      the officers involved was contrary to Sheriff's Office policy."**</u>

III.  <u>PREVIOUS LAWSUITS:</u>

      A. Have you initiated other lawsuits in state court dealing with the same or similar
         facts involved in this action or otherwise relating to your imprisonment or
         conditions thereof? Yes ( )  No **(X)**

      B. Have you initiated other lawsuits in <u>federal court</u> dealing with the same or similar
         facts involved in this action or otherwise relating to your imprisonment or
         conditions thereof? Yes ( )  No **(X)**

RECEPTION AND MEDICAL CENTER
DATE 12-8-13
INMATE INITIALS F C D

C. If your answer to either A or B is YES, describe each lawsuit in the space provided below. If there is more than one lawsuit, describe all additional lawsuits on a separate piece of paper, using the format as below.

1. Parties to previous lawsuits:
Plaintiff(s): **N/A**
Defendant(s): **N/A**

2. Court (if federal court, name the district; if state court, name the country ): **N/A**

3. Docket Number **N/A**

4. Name of Judge: **N/A**

5. Briefly describe the facts and basis of the lawsuit: **N/A**

6. Deposition (Was the case dismissed? Was it appealed? Is it still pending?): **N/A**

7. Approximate filing date : **N/A**

8. Approximate disposition date: **N/A**

D. Have you initiated lawsuits or appeals from lawsuits in federal court that have been dismissed as frivolous, malicious or for failure to state a claim upon which may be granted? If so, identify these suits by providing the case number, the style, and the disposition of each case : **NONE / Not Applicable**

IV.   PARTIES: In part A of this section, indicate your full name in the first blank and your full mailing address in the second blank. Do the same for each additional Plaintiff named in the Complaint (in any) in part B of this section:

A. Name of Plaintiff: **Frederick Charles Dutton Jr., DC #962288**

Mailing address: **Reception&Medical Center-West Unit, P.O. Box 628, Lake Butler, Florida 32054**

B. Additional Plaintiffs: **N/A**

In part C of this section, indicate the **full name** of the first named Defendant. Also, fill in his or her mailing address, position, and where he or she in employed. For any additional Dependents, using parts D through G of this section for the names, addresses, positions and places of employment:

2

C. Defendant: **Deputy M. Davis ( acting under the color of state law)**

   Mailing Address; 5484 Westland Station Road, Jacksonville, Florida 32244

   Position: Clay County Sheriff Deputy

   Employment at: Clay County Sheriff's Office

D. Defendant: **Deputy J. Spaulding (acting under the color of state law)**

   Mailing Address; 825 N. Orange Ave., Green Cove Springs, Florida 32043

   Position: Clay County Sheriff Deputy

   Employment at: Clay County Sheriff's Office

E. Defendant: **Deputy R. Jones (acting under the color of state law)**

   Mailing Address; 825 N. Orange Ave., Green Cove Springs, Florida 32043

   Position: Clay County Booking Clerk

   Employment at: Clay County Sheriff's Office

F. Defendant: **Deputy R. Burke (acting under the color of state law)**

   Mailing Address; 825 N. Orange Ave., Green Cove Springs, Florida 32043

   Position: Clay County Sheriff Deputy

   Employment at: Clay County Sheriff's Office

G. Defendant: **Sgt. W. Arnold (acting under the color of state law)**

   Mailing Address; 825 N. Orange Ave., Green Cove Springs, Florida 32043

   Position: Clay County Sheriff Deputy

   Employment at: Clay County Sheriff's Office

H. Defendant: **Lt. D. Fish (acting under the color of state law)**

   Mailing Address; 825 N. Orange Ave., Green Cove Springs, Florida 32043

   Position: Clay County Sheriff Deputy

Employment at: <u>Clay County Sheriff's Office</u>

V.   <u>STATEMENT OF CLAIM:</u> State what rights under the Constitution, laws, or treaties of the United States have been violated, and be specific.  If you intend to allege a number of related claims, set forth each claim in a separate paragraph.  **Any claim that is not related to the same basic incident or issue must be addressed in a separate Civil Rights Form.**

1.   <u>Plaintiff alleges that, as a pretrial detainee, DEFENDANTS M. Davis, J. Spaulding, R. Jones, R. Burke, Sgt. W Arnold, and Lt. D. Fish, violated Plaintiff's Fourteenth Amendment right under the United States Constitution by acting deliberately indifferent in that all named Defendants had a legal responsibility and common law duty of reasonable care to protect Plaintiff from the violent, aggressive, abusive behavior set-up in B-5 housing unit.</u>

2.   <u>Plaintiff alleges that, as a pretrial detainee, DEFENDANTS M. Davis, J. Spaulding, R. Jones, R. Burke, Sgt. W Arnold, and Lt. D. Fish, violated Plaintiff's Fourteenth Amendment right under the United States Constitution by acting deliberately indifferent in that all named Defendants created and spread false accusations that Plaintiff was the murderer of eight year old Somer Thompson, **with the malicious intent and purpose** of seeing that Plaintiff was physically harmed by other inmates, **and** by actively provoking the physical battering of Plaintiff by other inmates.</u>

3.   <u>Plaintiff alleges that, as a pretrial detainee, DEFENDANTS M. Davis, J. Spaulding, R. Jones, R. Burke, Sgt. W Arnold, and Lt. D. Fish, violated Plaintiff's Fourteenth Amendment right under the United States Constitution by violating their duty to protect Plaintiff from the foreseeable danger of the violent aggravated assault and battery, with maliciousness and a wanton disregard for Plaintiff's safety and rights secured under the United States Constitution.</u>

VI.   <u>STATEMENT OF FACTS:</u> State a briefly as possible the FACTS of your case. Describe how each defendant was involved.  DO not make any arguments or cite any cases or statutes.  State with as mush specificity as possible the facts in the following manner:

1.   Name and position of person(s) involved.
2.   Date(s)
3.   Place(s)
4.   Fact(s) or events(s) giving rise to your claim, including involvement of each defendant.
5.   Nature and extent of injury (i.e., physical injury or how you were harmed by the acts of the defendants[s]).

### *Statement of Facts*

1.        On December 15, 2009, Plaintiff was incarcerated in state prison from a judgment and sentence entered by the Fourth Judicial Circuit Court of Duval County[1]. He was transported to Clay County Detention Center due to a felony detainer for an unrelated offense of grand theft.

2.        Immediately upon Plaintiff's intake into the Clay County Detention Center on December 15, 2009, all the above-named Defendants began to verbally abuse Plaintiff because he disputed jail policy concerning retention of his legal material. Specifically, Deputy R. Jones started the abuse by calling Plaintiff a "baby killer." From here, Plaintiff heard a variety of chants and vulgar slurs directed at him from other deputies present in the booking area. Then, Defendant BURKE exclaimed to Plaintiff and others present in the booking area, "he's a murder but we know what to do; once he's through being processed," BURKE told everyone present, "then we'll make sure he's taken care of."

3.        After voicing his complaint about the retention of his legal document, Plaintiff realized that he would not be allowed to retain the material; however, he was completely confounded by the deputies' accusations about him being a baby killer and requested to see the officer in charge (OIC). Defendant FISH responded to Plaintiff's request (as OIC). Plaintiff explained to FISH the dilemma of not retaining his legal material, and Defendant FISH told Plaintiff to "shut the f--- up. My officers will see that you are taken care of." Plaintiff knew instinctively that something was seriously amiss. Within the last few minutes that Plaintiff was in the booking area, he heard Defendant ARNOLD state to the other deputies that were present, "just send him to **B-5** cell, he'll shut up then." Defendant DAVIS then assigned Plaintiff to housing unit **B-5**.

4.        Plaintiff alleges that each named Defendant was present in the booking area and each Defendant colluded to spread a false rumor that Plaintiff was the murder or a young child and further colluded to bring about a physical attack on Plaintiff once he entered his assigned housing unit, in violation of Plaintiff's Fourteenth Amendment right under the United States Constitution.

---

[1] Though Plaintiff does not have direct evidence of the Defendants' true motive for their actions, Plaintiff reasonably suspects that underscoring the incident here is the Defendants' retaliation for the unrelated, criminal offense Plaintiff committed in the Duval County criminal case. In that case, Defendant unlawfully eluded Clay County and Duval County Sheriff's deputies for approximately 37 miles.

5.      But prior to being escorted by Defendant SPAULDING to his assigned housing area (**B-5**), Defendant DAVIS proceeded to **B-5** housing and ordered that three inmates be pulled out so he (DAVIS) could speak to them. The three inmates that Defendant DAVIS called out of B5 housing unit were (1) **Inmate Darius Partridge** (2) **Inmate Michael Raymond, and** (3) **Inmate John Furman.**

6.      According to Clay County Sheriff's Office internal affairs investigation (Administrative Inquiry #09-057 (AI-1), Defendant DAVIS told the three inmates, "there is an inmate fixing to come in here, you need to take care of him." *Id.* at p. 2.

7.      Inmate Furman asked Defendant DAVIS what he meant by 'taking care' of the new inmate. DAVIS replied, "You know what I mean, you need to terrorize him." *Id.*

8.      Defendant SPAULDING then escorted Plaintiff to the **B-5** cell unit and on the way to the unit SPAULDING stated to Plaintiff several times, "you'll get what you deserve in a minute."

9.      Plaintiff entered the **B-5** housing area and proceeded through the housing unit. He heard one inmate tell him, "watch yourself, they're going to kill you." After hearing that statement/warning, Plaintiff proceeded up the steps and entered his cell. Just as he placed his belongings on the bunk, Plaintiff was physically attacked by a group of inmates.

10.      As he was being punched and kicked by the group, Plaintiff heard the attackers say to him, 'you're a baby killer, now we'll kill you." The attack proceeded out of the cell, onto the catwalk and down to the first floor corner. The attack lasted approximately 4-5 minutes.

11.      The attacking inmates punched and kicked Plaintiff several times in the face, head, and body. His injuries included head and spinal trauma, concussion, facial swelling, open lacerations of the lip and nose that caused profuse bleeding and loosening of teeth that has since required one tooth extraction. In addition, the attack re-aggravated existing head and spinal injury, caused persistent back and neck pains, and intensified Plaintiff's daily headaches and earaches. Plaintiff continues to suffer daily from these injuries.

12.      Plaintiff was cursorily seen by the medical nurse and placed in a new housing area. The next day, deputy "LeBlanc" came to Plaintiff's cell and told him to pack his belongings because, *per order of the Sheriff, Plaintiff was to be housed in protective custody.* Where the Plaintiff remained, after receiving time served due to the felony detainer, he was transported back to state prison on December 23, 2009.

13.     Plaintiff questioned LeBlanc as to why he was being housed in protective custody. Deputy LeBlanc replied, "You don't understand what happened. When you were in booking yesterday, a rumor was spread that you were the killer of that 8 year old girl. That's why those inmates beat you."

14.     Plaintiff later learned from the inmate population that all named Defendants circulated the false rumor that Plaintiff was the murderer of local, eight year old girl named Somer Thompson. This rumor was the basis for the attack. The subsequent Internal Affairs investigation substantiates that this falsely circulated about Plaintiff. The Internal Affairs division of Clay County Sheriff's Office investigated the incident and interviewed all parties involved.

15.     The investigation (Administrative Inquiry #09-057) found that Defendant DAVIS lied about what he was doing at B5 Housing unit and that he lied about the reason he pulled inmates Furman, Partridge, and Raymond from the unit prior to Plaintiff entering. **The Internal Affairs division of the Clay County Sheriff's Office determined that, "as a result of [ Defendant] DAVIS' intentions, Frederick Dutton [i.e., Plaintiff] was battered minutes after he went inside the B-5 cell."** *Id* at p.55 ("Allegations #1").

16.     The Investigation also revealed that this entire incident started in the booking area, as Plaintiff alleges above. The IA detective (Detective Owens) who questioned Defendant DAVIS about the incident, asked DAVIS:

Det. Owens:   Okay? So, and you have told me in your statement that you were concerned for Dutton prior to him coming up there [i.e., B5 unit]. Alright? But your reasoning for it was **you spoke to many other people downstairs** [i.e., booking area].

Dep. DAVIS:   And that was, that was after the fact.

Det. Owens:   But, you haven't explained to me why you were concerned for Dutton when he came upstairs [i.e., to **B-5 unit**].

Dep. DAVIS:   **Because this Jones, Jones**

*Id.* p. 38.

17.     Tellingly, the day after the incident (i.e., December 16, 2009). Deputy Bludsworth heard about the rumor that was spread from the booking area and notified Lt. Duncan. With piqued interest, Lt. Duncan "questioned the rumor, pulled [Plaintiff's] inmate records and identified that [Plaintiff] was incarcerated . . . when Somer Thompson was murdered." *Id.* at p. 4. Plaintiff submits that the above quote from the IA report supports his allegations that the incident began in booking and was the result of all named Defendants' collusion to spread a false rumor that Plaintiff was the murderer of a young

7

child. In further support, Internal Affairs also interviewed Sgt. Heaps and according to Heaps' statement, Defendant SPAULDING "came off the elevator with Inmate Dutton and escorted him to B-5 Cell. After a few minutes he later observed [Defendant] SPAULDING go into the Supply Room outside 2-A control and then [Defendant] DAVIS went in with him briefly. When [Defendant] SPAULDING exited the supply room he was smiling for a moment." *Id.* at 14.

18.    Internal Affairs concluded that Defendant DAVIS failed to truthfully assist in the IA investigation ("Allegation #2 *Id.*); and that DAVIS failed to 'abide by the Laws, Regulations, Objectives and Orders of the Sheriff's Office ("Allegation #3), and knowingly and intentionally conspired to see that Plaintiff was physically assaulted and battered once he entered B5 Housing unit. As a result of the incident complained of in the complaint, **Defendant DAVIS was terminated immediately from employment with the Clay County Sheriff's Office.**

VII.   REQUESTED RELIEF: State briefly what you want the Court to do for you. Again, do not make and legal arguments or cite and cases or statutes.

1. Trial by Jury; **and**
2. Compensatory and punitive damages to be determined by a jury; **and**
3. Declaratory judgment acknowledging Defendants' violation of Plaintiff's Fourteenth Amendment, U.S. Constitution right.

**I DECLARE UNDER THE PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.** Signed this **8**[th] day of **DECEMBER 2013.**

*Frederick Charles Dutton Jr.*
Frederick Charles Dutton Jr. DC # 962288

**IF MAILED BY PRISONER:**

I declare (or certify, verify, or affirm) under the penalty of perjury that thus complaint was (check one): (**X**) delivered to prison officials for mailing or ☐ deposited in the prison's internal mail on this **8**[th] day of **DECEMBER 2013.**

*Frederick Charles Dutton Jr.*
Frederick Charles Dutton Jr. DC # 962288